## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| | § | |
| JEREMY SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:21-cv-20297 |
| | § | |
| EQUIFAX INFORMATION | § | Complaint for Damages |
| SERVICES LLC, EXPERIAN | § | |
| INFORMATION SOLUTIONS, Inc., | § | With Jury Demand Endorsed |
| TRANS UNION LLC, and | § | |
| OCWEN LOAN SERVICING LLC d/b/a | § | |
| PHH MORTGAGE SERVICES, | § | |
| | § | |
| Defendants. | § | |

## **COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, Jeremy Smith ("Plaintiff"), by and through counsel, for his Complaint against Defendants, Equifax Information Services LLC**,** Experian Information Solutions, Inc., Trans Union LLC, and Ocwen Loan Servicing LLC d/b/a PHH Mortgage Services, jointly, severally, and in solido, states as follows:

### I.   INTRODUCTION

1.      Three of the Defendants are, consumer reporting agencies ("CRAs") as defined by 15 U.S.C. § 1681a(f), and one PHH Mortgage Services as successor by merger to Ocwen Loan Servicing LLC, is a furnisher of consumer information. All Defendants have violated 15 U.S.C. § 1681 *et seq.*, known as the Fair Credit Reporting Act (the "FCRA"). Plaintiff seek to recover from

Defendants actual, statutory, and punitive damages, injunctive relief, legal fees, and expenses.

## II. PARTIES

2.      Plaintiff, Jeremy Smith, is a natural person residing in Salt Lake County, Utah and is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c), and is a victims of repeated  false credit reporting.

**Made Defendants herein are**:

3.      Upon information and belief, Defendant Equifax Information Services LLC, which may also hereinafter be referred to as "Equifax," "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants" is a Georgia limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its headquarters, 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.  Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f). Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Equifax disburses such consumer reports to third parties of contract for monetary compensation.

4.      Upon information and belief, Defendant Experian Information Solutions, Inc., which may also hereinafter be referred to as "Experian", "Defendant," "Defendants," "CRA," or "CRA Defendant," or "CRA Defendants," is an Ohio corporation that does business in this judicial district and may be served by delivering a summons to its headquarters, 475 Anton Blvd., Costa Mesa, California 92626. Experian is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning

consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Experian disburses such consumer reports to third parties of contract for monetary compensation.

5.    Upon information and belief, Defendant Trans Union LLC, which may also hereinafter be referred to as "Trans Union", "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants" is an Illinois limited liability company that does business in this judicial district and may be served by delivering a summons to its headquarters, 555 West Adams Street, Chicago, Illinois 60681. Trans Union is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Trans Union regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Trans Union disburses such consumer reports to third parties of contract for monetary compensation.

6.    Upon information and belief, Defendant Ocwen Loan Servicing, LLC d/b/a PHH Mortgage Services which may also hereinafter be referred to as "Ocwen," "PHH," "Ocwen/PHH" "Ocwen d/b/a PHH," "Defendant," "Defendants," "Furnisher Defendant," or "Furnisher Defendants," is a Delaware limited liability company, who acquired PHH Mortgage Services, a New Jersey Corporation, that does substantial business in this judicial district and may be served by delivering a summons to its Legal Department at its headquarters, 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409 and to its Legal Department at its subsidiary's headquarters, 1 Mortgage Way, Mount Laurel, New Jersey 08054 . Ocwen d/b/a PHH is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b), and a furnisher of consumer credit information to consumer

reporting agencies.

7.    As used herein, "consumer reporting agency," or "CRA," means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining and disseminating information regarding the credit-worthiness of individuals. CRAs specifically include, but are not limited to, Equifax, Experian, and TransUnion.

## III.  JURISDICTION AND VENUE

8.    Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case arises under federal law. 28 U.S.C. § 1331, 1334, and 1367 and 15 U.S.C. § 1681(p). Plaintiff also asserts actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. § 1367.

9.  Venue is proper in this district, because Defendants transact business in this district, PHH services the loan on behalf of Ocwen and PHH's headquarters are located in this district, a substantial part of the conduct complained of occurred in this district, and various actions made basis of Plaintiff's claims against Defendants occurred in the District of New Jersey. 28 U.S.C. § 1391.

10. Venue is further proper in this District, because CRA Defendants entered into agreements

with Ocwen d/b/a PHH in this judicial district to receive credit reporting data concerning Plaintiff. Any and all requests to investigate Plaintiff's dispute sent from the CRA Defendants as part of their reinvestigation was submitted to Ocwen d/b/a PHH's headquarters and investigated by the furnisher Ocwen d/b/a PHH using PHH/Ocwen's resources located at or closely connected to this judicial district. Ocwen d/b/a PHH managed Plaintiff's mortgage from this judicial district including communicating amounts owed and conducting numerous communications via phone and letter.

## IV.  FACTUAL ALLEGATIONS

### Background Information for Plaintiff's PHH/Ocwen Mortgage

11.    In or around June 2006, the Plaintiff secured a mortgage for his home at 6178 South Misty Way, Kearns, UT 84118 with Defendant Ocwen and was assigned loan number 714545**** (hereinafter the "Ocwen mortgage").

12.    On or around April 10, 2017, the Plaintiff filed for Chapter 13 Bankruptcy which was successfully discharged on February 2, 2021.

13.    A redacted copy of Plaintiff's Chapter 13 Bankruptcy documentation is attached hereto as Exhibit "A".

14.    Upon information and belief, sometime thereafter in October 2018, PHH Mortgage Corporation, a New Jersey Corporation, merged/acquired/consolidated with Ocwen and became a subsidiary. The loan was transferred, and PHH became the servicer as of February 2021.

15.    To this day, the Plaintiff still lives in the home and continues to make timely mortgage payments to the Ocwen/PHH mortgage.

### Credit Reporting

16.     Sometime in August 2021, the Plaintiff pulled his credit reports and noticed that inaccurate information was reporting.

17.     A redacted copy of Plaintiff's August 2021 Tri-Merge Credit Report is attached hereto as Exhibit "B" and incorporated in by reference.

18.     Within the Tri-Merge credit report, Plaintiff noticed that Equifax failed to remove the Chapter 13 Bankruptcy notation from the creditor remarks.

19.     This reporting is incorrect because Plaintiff completed the required payments through his Chapter 13 Bankruptcy and continued making payments on the same mortgage loan account because it was still open with PHH following the bankruptcy.[1]

20.     Plaintiff noticed that within the Tri-Merge credit report, Experian failed to remove the Chapter 13 Bankruptcy notation from the creditor remarks.

21.     This reporting is incorrect because Plaintiff completed the required payments through his Chapter 13 Bankruptcy and continued making payments on the same mortgage loan account because it was still open with PHH following the bankruptcy.

22.     Within the Tri-merge credit report, Plaintiff noticed that the Trans Union failed to remove the Chapter 13 Bankruptcy notation from the creditor remarks and was reporting the account as open, even though it was transferred to a different loan through PHH.

23.     This reporting is incorrect because Plaintiff completed the required payments through his Chapter 13 Bankruptcy and continued making payments on the same mortgage loan

---

[1] The Consumer Data Industry Association's Metro 2 reporting standards specifically instruct consumer reporting agencies to remove any suppression codes associated with bankruptcy reporting so that ongoing payments made by the consumer can be reported.

account because it was still open with PHH following the bankruptcy.

Credit Reporting Dispute Letters and Reinvestigation Requests

24.    On or about August 18, 2021, the Plaintiff disputed the reporting of the Ocwen/PHH mortgage account with Equifax, Experian, and Trans Union ("CRA Defendants") directly. Plaintiff requested that under the FCRA, each CRA Defendant conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiffs' credit reports concerning the Ocwen and PHH mortgage accounts.

25.    Redacted, unsigned copies of Plaintiff's dispute letters to Equifax, Experian, and Trans Union are attached hereto as Exhibits "C," "D," and "E" respectively.

26.    A redacted copy Plaintiff's USPS Tracking Receipt for Proof of Delivery to Equifax, Experian and Trans Union is attached hereto as Exhibit "F" and incorporated herein by reference.

27.    On September 24, 2021 Equifax responded to Plaintiff by removing the Chapter 13 Bankruptcy notation, but then inaccurately changing the account status to open. Equifax stated in pertinent part "The information you disputed has been verified as accurate, however information unrelated to your dispute has been updated."

28.    A redacted copy of Equifax's response to is attached hereto as Exhibit "G" and incorporated herein by reference.

29.    Equifax's response was not the result of a reasonable investigation into Plaintiff's dispute and failed to remedy the inaccuracies within the Ocwen/PHH tradelines.

30.    Further, Equifax's response was not the result of a reasonable investigation into Plaintiffs' dispute for it did not adequately evaluate or consider Plaintiff's information, claims, or evidence and failed to remedy the inaccuracies within the Ocwen/PHH tradelines because Plaintiff

sent a clear dispute and yet Equifax made inaccurate changes to the disputed information, Bankruptcy status, or account status.

31.    Equifax chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish inaccurate information regarding Plaintiff's Ocwen/PHH mortgage account.

32.    In accordance with Equifax's standard procedures, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify any of the Ocwen/PHH reporting lines.

33.    In the alternative to the allegation that Equifax failed to contact Ocwen/PHH, it is alleged that Equifax did forward some notice of the dispute to Ocwen/PHH, and Ocwen/PHH failed to conduct a lawful investigation.

34.    Experian never responded to Plaintiff's dispute despite the USPS tracking receipt showing that Experian received the Dispute letter on August 28, 2021. *See* Exhibits "F".

35.    Experian's response or lack of response was not the result of a reasonable investigation into Plaintiff's dispute and failed to remedy the inaccuracies within the Ocwen/PHH tradelines.

36.    Further, Experian's response was not the result of a reasonable investigation into Plaintiff's dispute for it did not adequately evaluate or consider Plaintiff's information, claims, or evidence and failed to remedy the inaccuracies within the Ocwen/PHH tradelines because Plaintiff sent a clear dispute and yet Experian made no changes to the disputed information, Bankruptcy status, or account status.

37.    Experian chose to "verify" false information from an unreliable source, failed to

correct the inaccurate information, and continued to publish the inaccurate information regarding Plaintiff's Ocwen/PHH mortgage accounts.

38.    In accordance with Experian's standard procedures, Experian did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify any of the Ocwen/PHH reporting lines.

39.    In the alternative to the allegation that Experian failed to contact Ocwen/PHH, it is alleged that Experian did forward some notice of the dispute to Ocwen/PHH, and Ocwen/PHH failed to conduct a lawful investigation.

40.    On September 1, 2021, Trans Union responded to Plaintiff's dispute but made none of the requested changes.

41.    A redacted copy of Trans Union's September 1, 2021 response to Plaintiff is attached hereto as Exhibit "H" and incorporated by reference.

42.    Trans Union's response was not the result of a reasonable investigation into Plaintiff's dispute and failed to remedy the inaccuracies within the Ocwen/PHH tradelines.

43.    Further, Trans Union's response was not the result of a reasonable investigation into Plaintiff's dispute for it did not adequately evaluate or consider Plaintiff's information, claims, or evidence and failed to remedy the inaccuracies within the Ocwen/PHH tradeline because Plaintiff sent a clear dispute and yet Trans Union made no changes to the disputed errors.

44.    Trans Union chose to "verify" false information from an unreliable source, failed to correct the inaccurate information and continued to publish the inaccurate information regarding Plaintiff's Ocwen/PHH mortgage accounts.

45.    In accordance with Trans Union's standard procedures, Trans Union's did not

evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Ocwen/PHH reporting lines.

46.      In the alternative to the allegation that Trans Union failed to contact Ocwen/PHH, it is alleged that Trans Union did forward some notice of the dispute to Ocwen/PHH, and Ocwen/PHH failed to conduct a lawful investigation.

47.      A redacted copy of Plaintiff's updated October 2021 Tri-merge credit report showing all of the remaining errors is attached hereto as Exhibit "I" and incorporated herein by reference.

## V.      GROUNDS FOR RELIEF

### COUNT I – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. § 1681e(b))

48.      The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

49.      Equifax violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiffs.

50.      The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

51.      Equifax knew or should have known of Plaintiff's Bankruptcy history and accurate payment history and, yet Equifax continued to prepare a patently false consumer report concerning Plaintiff.

52.      Despite actual and implied knowledge that Plaintiff's credit report was and is not

accurate, Equifax readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

53.    After Equifax knew or should have known Plaintiff's Bankruptcy and account status were inaccurate for his Ocwen/PHH mortgage tradelines, it failed to make all of the appropriate corrections.

54.    As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

55.    Equifax's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

56.    The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT II – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

57.    The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

58.    Equifax violated § 1681i by failing to update inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit

file, and relying upon verification from a source it has reason to know is unreliable.

59.    As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

60.    Equifax's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

61.    The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT III – EXPERIAN'S VIOLATION OF THE FCRA
### (15 U.S.C. § 1681e(b))

62.    The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

63.    Experian violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

64.    The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

65.    Experian knew or should have known of Plaintiff's bankruptcy and account status,

yet Experian continued to prepare a patently false consumer report concerning Plaintiff.

66.    Despite actual and implied knowledge that Plaintiff's credit reports were and are not accurate, Experian readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiffs' creditworthiness.

67.    After Experian knew or should have known Plaintiff's bankruptcy and account status were inaccurate for his Ocwen/PHH mortgage tradelines, it failed to make the corrections.

68.    As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

69.    Experian's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

70.    The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT IV – EXPERIAN'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

71.    The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

72.    Experian violated 168li on multiple occasions by failing to update or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies,

failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

73.    As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

74.    Experian's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

75.    The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT V – TRANS UNION'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681e(b))

76.    The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

77.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

78.    The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the

information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

79.    Trans Union knew or should have known of Plaintiff's bankruptcy and account status and, yet Trans Union continued to prepare a patently false consumer report concerning Plaintiff.

80.    Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Trans Union readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

81.    After Trans Union knew or should have known Plaintiffs' bankruptcy and account status was inaccurate for his Ocwen/PHH mortgage tradelines, it failed to make the corrections.

82.    As a result of Trans Union's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

83.    Trans Union's conduct, action, and inaction, were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

84.    The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

### COUNT VI – TRANS UNION'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

85.    The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

86.    Trans Union violated 15 U.S.C. § 1681i on multiple occasions by failing to update or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

87.    As a result of Trans Union's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, loss in their ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

88.    Trans Union's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

89.    The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT VII – OCWEN d/b/a PHH'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681s-2(b))

90.    Defendant Ocwen d/b/a/ PHH violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify the information.

91.     Ocwen d/b/a/ PHH further violated 15 U.S.C. § 1681s-2(b) by continuing to report the Ocwen d/b/a/ PHH representation within Plaintiff's credit file with the CRA Defendants without also including a notation that this debt was disputed, failing to fully and properly investigate the Plaintiffs' dispute of the Nationstar representation, failing to accurately respond to the CRA Defendants, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Ocwen d/b/a/ PHH representations to the consumer reporting agencies.

92.     As a result of Ocwen d/b/a/ PHH's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, loss in her ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

93.     Ocwen d/b/a/ PHH's conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

## VI.    VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

94.     Plaintiff will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendants, the principals, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability to Defendants for all such actions under the doctrine of respondeat superior and/or vicarious liability.

## VII. DAMAGES

95.     Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FCRA and/or states' laws, including New Jersey.

96.     Plaintiff respectfully requests that this Honorable Court award Plaintiff his litigation expenses and other costs of litigation and reasonable attorney's fees incurred in this litigation, in accordance with the provisions of the FCRA and/or other laws.

97.     The above and foregoing actions, inactions, and fault of Defendants, as to each and every claim, have proximately caused a wide variety of damages to Plaintiff.

98.     Defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of false reporting about the Plaintiff and have been a substantial factor in causing credit denials and other damages.

99.     Plaintiff suffered a variety of damages, including economic and non-economic damages as prayed for herein.

100.     Defendants have negligently and/or willfully violated various provisions of the FCRA and are thereby liable unto Plaintiff.

101.     Defendants are liable unto Plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security,

attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

## VIII. PRAYER FOR RELIEF

**WHEREFORE PREMESIS CONSIDERED**, Plaintiff, Jeremy Smith prays that this Honorable Court:

A.    Enter Judgment in favor of Plaintiffs and against Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., Trans Union LLC, and Ocwen Loan Servicing LLC, d/b/a  PHH Mortgage Services jointly, severally, and in solido, for all reasonable damages sustained by Plaintiff, including, but not limited to, actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and fear of personal and financial safety and security for Defendants' violations of the FCRA, applicable state law, and common law;

B.    Find that the appropriate circumstances exist for an award of punitive damages to Plaintiff;

C.    Award Plaintiff pre-judgment and post-judgment interest, as allowed by law;

D.    Order that the CRA Defendants, Equifax Information Services LLC, Experian Information Solutions, Inc.,  and Trans Union LLC, and Furnisher Defendant, Ocwen Loan Servicing LLC, d/b/a PHH Mortgage Services, work in conjunction, cooperatively, and/or individually to reinvestigate and correct the consumer report(s), credit report(s), data emanations, consumer histories,

and credit histories of and concerning Plaintiff and/or any of Plaintiff's personal identifiers.

       E.     Grant such other and further relief, in law or equity, to which Plaintiff might show he is justly entitled.


Date Filed: <u>December 2, 2021</u>

                                    Respectfully submitted,

                                    <u>*s/ Gloria C. Lam*</u>
                                    Gloria C. Lam
                                    NJ State Bar Number 286962018
                                    FCRA-NJ@fieldslaw.com
                                    **FIELDS LAW FIRM**
                                    21 South 11th Street, Suite 520
                                    Philadelphia, Pennsylvania 19107
                                    (612) 383-1110 (telephone)
                                    (612) 370-4256 (fax)


                                    COUNSEL FOR PLAINTIFF

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.


December 2, 2021                         *s/ Gloria C. Lam*
Date                                    Gloria C. Lam